## E. C. ROBINSON *v.* C. G. STEVENS' ADM'R.

*Petition to bring case forward. Interest of Petitioner.*

S. brought suit against B. to perfect his lien upon certain logs and obtained judgment. Subsequently he sued R. for the conversion of the logs. *Held,* that R. had no such interest in the original suit as would entitle him to prefer a petition to bring forward that case and strike off the judgment upon the ground that it was obtained through the fraud of S., it not appearing what interest he claimed in the logs.

This was a petition to bring forward the case of *C. G. Stevens* v. *J. M. Butters,* and strike off the judgment. Heard at the February term, 1891, Tyler J., presiding. The court dismissed the petition as a matter of law, for that the petitioner had no such legal interest as would entitle him to prefer it.

The petitioner excepts.

The petitioner alleged that Stevens had brought suit against Butters, then in life, to recover for cutting and drawing certain logs, and to perfect his lien upon the logs; that by fraud Stevens obtained judgment for a much larger sum than he was entitled to, and that now he had sued the petitioner in trover for the value of the logs, against which he claimed his lien to the amount of the judgment. It did not appear how the petitioner became interested in the logs.

Robinson *v.* Stevens' Admr.

*D. S. Storrs* and *George N. Dale*, for the petitioner.

If, as the petitionee claims, this judgment is binding on the petitioner he ought to have an opportunity to correct it.

*J. W. Erwin* and *Dickerman & Young*, for the petitionee.

Butters himself could not have maintained this petition. *Green* v. *Hamilton*, 16 Md. 317 ; Freem. Judg. § 101, ( 2nd. Ed.)

Much less can the petitioner who has no interest in the original suit. Freem. Judg. § § 91, 96 ; Drexell's Appeal, 6 Penn., St. 272; *Stone* v. *Towne*, 91 U. S. 341; *Baugh* v. *Baugh*, 37 Mich. 39.

The opinion of the court was delivered by

TAFT, J. The petitioner asked the County Court to have a cause in favor of Stevens, the petitionee's intestate,against Butters, brought forward on the docket, the judgment stricken off and the cause re-heard, alleging that through the fraud of Stevens, damages were entered for too large a sum. The petitioner is neither a real nor nominal party to the record. He is not shown to be a subsequent attaching creditor, and as such entitled to defend under R. L. s. 1166. For aught that appears he is nothing but a mere trespasser, and to open a judgment upon the application of a volunteer, when the parties to it make no complaint, would be to treat the solemn adjudication of the court too lightly. We are unable to see any right in the petitioner to appear in the suit, when it was pending, and without such right it would be folly to open the judgment. The petition was properly dismissed.

*Judgment affirmed.*